IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PARIS DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 5 2003

DAVID J. MALAND, CLERK
BY DEPUTY _____

| | | |
|---|---|---|
| L.D. RUTHART | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. |
| 1. LAMAR COUNTY and 2. SHERIFF | § | 3:03cv 42 |
| B. J. MCCOY IN BOTH HIS | § | |
| INDIVIDUAL AND OFFICIAL | § | |
| CAPACITIES | § | |
|     Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

COMES NOW, L. D. RUTHART ("Ruthart"), a deputy employed by the Lamar County Sheriff's Department, by and through his attorneys of record, Lyon, Gorsky, Baskett, Haring & Gilbert, L.L.P., who files this civil action against the Defendants Lamar County (the "County"), and Sheriff B. J. McCoy ("McCoy"), in his Individual and Official Capacities, for abridging his First Amendment right to the United States Constitution, in violation of 42 U.S.C. § 1983, and for violations of 42 U.S.C. § 2000e. In support of his Original Complaint, Plaintiff hereby alleges and states as follows:

### I.

### INTRODUCTORY STATEMENT - JURISDICTION AND VENUE

1. Venue of this Court is invoked pursuant to 28 U.S.C. § 1391(b), this being an action not founded on diversity of citizenship and the Eastern District of Texas being the judicial

district in which all parties reside and in which events which are the subject of this Civil Complaint occurred.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1337, and 1343. This is a civil action authorized by law to be commenced to redress the deprivation under color of law of rights guaranteed under the First Amendments to the United States Constitution, 42 U.S.C. § 1983.

## II.

## PARTIES

3. At all times relevant to the events described herein, Plaintiff was employed by the County as a peace officer.

4. Defendant Lamar County, Texas is a municipal corporation of the State of Texas. Lamar County, Texas is ultimately responsible as a municipal corporation for all policies, procedures, practices, and operations of individual agencies of the government of Lamar County, and, in particular, the Sheriff's Department. Lamar County, a municipal form of government and is responsible, ultimately, for the operation of its municipal government pursuant to Article 1175, Texas Revised Statutes, and, bears responsibility for municipal policies, customs, practices, and procedures which violate the constitutional or statutory rights of the Plaintiff. The Department may be served by serving Mr. M. C. Superville, Jr., County Judge, 231 Lamar Avenue, Paris, Texas 75460.

5. McCoy is the Sheriff of Lamar County. He was lawfully elected as Sheriff of Lamar County and took office in 1992. He is sued in his individual and official capacities. As Sheriff of Lamar County, he has the responsibility for all aspects of the administration and

operation of the Sheriff's Department including setting departmental policies, approving departmental procedures, filling of positions, promoting an assignment of personnel, and generally, the overall management of the Sheriff's Department of Lamar County. McCoy may be served at his place of employment, 125 Brown Avenue, Paris, Texas 75460.

## III.

## BACKGROUND FACTS

6. Plaintiff was hired by of the Lamar County Sheriff's Department in 1994.

7. On Tuesday, May 28, 2003, McCoy appealed to the Commissioner's Court for a raise for Chief Deputy Scott Cass only. As a result of McCoy's efforts, his base salary was raised from $28,755 to $37,080.

8. At the regular meeting of the Lamar County Sheriff's Department Employees Association, a labor organization, held on May 29, 2002, Plaintiff read from typed notes he had prepared discussing the recent pay increase for the Chief Deputy and the article in the local newspaper discussing same.

9. At the above association meeting, Plaintiff made a motion to contact Texas Municipal Police Association, a state-wide labor organization for peace officers, for assistance in writing a response to the newspaper article about the Chief Deputy's pay raise and the lack of a raise for the remaining 62 sworn police officers. The motion carried.

10. On May 30th, after McCoy became aware of the statement read by Plaintiff at the Association meeting, McCoy called the President of the Association, Matt Story, and ordered Story to bring Plaintiff's notes to the courthouse and give it to McCoy.

11. Story surrendered the document under duress, afraid that he would lose his job if he

did not comply with Sheriff McCoy's demand.

12. McCoy called Plaintiff the evening of May 30th while Plaintiff was on duty to discuss the written statement. McCoy yelled at Plaintiff during the phone call and turned down Plaintiff's offer to meet him in person to discuss the matter further.

13. Plaintiff found out during his break early in the morning of May 31st, that McCoy had called a mandatory meeting of all Patrol Deputies for 4:00 p.m. on Friday, May 31, 2002.

14. When Plaintiff arrived for the meeting, he was met by Chief Deputy Scott Cass who instructed him to go to McCoy's office where McCoy told Plaintiff that he had violated the Code of Conduct and was guilty of "ridiculing" McCoy in public. Plaintiff reminded McCoy that the statement was read in a closed-door meeting of off-duty officers offsite from the Sheriff's Department during a meeting of the Officers' Association. At that time, McCoy instructed Ruthart that he was fired.

15. On June 5, 2002, Plaintiff filed a written appeal of the termination pursuant to County Personnel Rules, however, he was not notified when his appeal was scheduled to be heard by the County Commissioners.

## IV.

### VIOLATION OF 42 U.S.C. 1983

16. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15.

17. Plaintiff contends that the Defendants, through the actions of McCoy, violated Plaintiff's freedom of association right guaranteed by the First Amendment to the United States Constitution. The Plaintiff's discussion regarding the pay and working conditions of county police officers was a matter of legitimate concern to the police officers association.

18. Plaintiff contends that the Defendants' retaliation for exercising his First Amendment rights was intended to intimidate Plaintiff, and other association members, from exercising lawful and proper activities of the Lamar County Sheriff's Officers Association. Plaintiff contends the Defendants actions represent a fundamental violation of his civil rights.

19. The actions of Defendants were taken against Plaintiff with the intent to discriminate against he exclusively because of the exercise of his First Amendment rights as guaranteed by the United States Constitution, in violation of 42 U.S.C. §1983.

20. The actions of McCoy have denied Plaintiff his constitutional right to freely associate in that McCoy punished Plaintiff for his exercise of said rights and the county is liable in damages to Plaintiff under 42 U.S.C. §1983.

21. Defendants have acted against Plaintiff under "color of law" in that the Lamar County Sheriff's Department is a duly constitutional governmental department of the county, duly authorized by the county to act under color or the authority attached to their respective offices. The Defendants actions taken under "color of law" have deprived Plaintiff of his right to freely associate under the First Amendment to the United States Constitution, all in violation of 42 U.S.C. §1983.

22. The actions taken by the county as previously described herein against Plaintiff were taken by McCoy in his official capacity. Plaintiff contends that McCoy, in his official capacity, represents and is a policymaker of the county, responsible ultimately for the promulgation of the official policy, rules, practices and procedures of Lamar County regarding assignment and discipline within the County's Sheriff's Department. The actions of McCoy herein represent official policy of the county and that official policy has denied Plaintiff for the

reasons previously stated, his constitutional right to freely associate under the laws of the First Amendment to the United States Constitution, thus making the county responsible for the damages and injuries to Plaintiff herein.

23. Plaintiff's First Amendment right to freely associate was so well established and so sufficiently clear at the time of his termination that any reasonably prudent person in the position of McCoy would have known that the actions taken against Plaintiff for engaging in such conduct violated the First Amendment to the United States Constitution. Therefore, Plaintiff contend that McCoy is not entitled to the defense of qualified immunity.

24. As a result of the Defendants' violation of Plaintiff's First Amendment rights, he has suffered a loss of income and benefits in the past, loss of income and benefits in the future, damage to his personal and professional reputation in the past and future, mental anguish in the past, mental anguish in the future, humiliation and embarrassment. Plaintiff hereby sues Defendants for all such damages.

25. Plaintiff's professional career has been irreversibly damaged due to the Defendants' unlawful conduct, and he has suffered great physical and emotional damage, mental pain, suffering and anguish, loss of income and pensions benefits, and in all reasonable probability, he will continue to suffer in this manner for a long, time into the future. Plaintiff hereby sues Defendants for all such damages.

## V.

## PUNITIVE DAMAGES

26. The unlawful conduct of McCoy in retaliating against Plaintiff for exercising his First Amendment rights was intentional, malicious, willful, wanton and reckless, warranting the

imposition of punitive damages.

## VI.

## ATTORNEY' FEES

27. Plaintiff seeks reasonable attorney's fees as provided for in 42 U.S.C. § 1988(b), and Section 38.001 of the Texas Civil Practice and Remedies Code.

## VII.

## DAMAGES AND PRAYER FOR RELIEF

28. Wherefore, Plaintiff requests the following relief:

    a. compensatory damages to Plaintiff in the amount of at least $500,000.00 for each violation of 42 U.S.C. § 1983;

    b. Punitive damages against McCoy for his intentional, malicious, willful, wanton and reckless disregard of Plaintiff's First Amendment rights;

    c. Removal of any reference to this termination from any files maintained by the Lamar County Sheriff's Department or Lamar County concerning the matter made the basis of this lawsuit;

    d. reinstatement of Plaintiff to his full duties as a Captain;

    e. reasonable attorney's fees and costs;

    f. pre and post-judgment interest as allowed by law;

    g. such other and further relief as the nature of this action may require.

## VIII.

### JURY TRIAL DEMAND

The Plaintiff requests a jury trial on the issues raised in this complaint.

                                                Respectfully submitted,

                                                LYON, GORSKY, BASKETT,
                                                HARING & GILBERT, L.L.P.

                                                */s/ Bob Gorsky*
                                                BOB GORSKY
                                                State Bar No. 08221200
                                                RHONDA CATES
                                                State Bar No. 24012402
                                                2501 Cedar Springs, Suite 250
                                                Dallas, Texas 75201
                                                214-965-0090 - Telephone
                                                214-965-0097 - Facsimile